IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Case No. 17-CR-02949-MV-1

DASHAWN ROBERTSON,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Dashawn Robertson's Opposed Motion for Jencks Act Material. Doc. 41. The government filed a Response. Doc. 45. Mr. Robertson did not file a reply. Having considered the Motion, the relevant law, and being otherwise fully informed, the Court finds that the Motion is not well-taken and accordingly will be **DENIED.**

### BACKGROUND

Mr. Robertson filed the present Motion on September 23, 2019. Doc. 41. In it, he moves the Court to order the government to submit Jencks Act materials to the defense two weeks prior to trial. *Id.* at 1 (citing 18 U.S.C. § 3500). He argues that a literal reading of the Jencks Act would result in delay, and that, under *United States v. Starusko*, 729 F.2d 256, 261 (3rd Cir. 1984), this Court "has the authority to order early disclosure of the Jencks Act materials to further the interest of prompt disposition of the business of the Court." Doc. 41 at 2.

In response, the government argues that Federal Rule of Criminal Procedure 26.2, which incorporates the substance of the Jencks Act, "does not allow this honorable Court to command the production of witness statements… in advance of hearings and trial." Doc. 45 at 1. The government further argues that defense counsel misrepresented the holding of *Starusko* because

there is nothing in the case that "stands for the proposition that a trial court may order early disclosure of Jencks Act material." *Id*. at 2. The government accordingly requests that the Court deny Mr. Robertson's Motion as lacking authority to provide the relief requested. *Id*. at 3.

## STANDARD

The Jencks Act states in pertinent part: "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). The Act further clarifies that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection *until said witness has testified on direct examination in the trial of the case.*" *Id*. at (a) (emphasis added). The Tenth Circuit has accordingly held that "[t]he Jencks Act prohibits the pretrial discovery of statements made by prospective government witnesses." *United States v. Smaldone*, 544 F.2d 456, 461 (10th Cir. 1976); *see also United States v. Nevels*, 490 F.3d 800, 803 (10th Cir. 2007) ("The Jencks Act entitles a federal criminal defendant to obtain any pretrial statement and report made by a government witness, but only *after* the witness has testified on direct examination at trial.") (emphasis in original).

## DISCUSSION

Because the language of § 3500 expressly prohibits this Court from ordering the production of Jencks Act materials until after a government witness has testified at trial, the Court has no authority to grant Mr. Robertson's Motion. *See* § 3500(a); *Smaldone*, 544 F.2d at 461; *Nevels*, 490 F.3d at 803. Nor does *Starusko*, an out-of-circuit case not binding on this Court, say otherwise.

2

As the government points out, *Starusko* involved a district court's order that the prosecutor turn over exculpatory materials under *Brady v. Maryland*, 373 U.S. 83 (1963), prior to trial. *Starusko*, 729 F.2d at 258. Nothing in the Third Circuit's opinion suggests that the district court had the authority to similarly order the pretrial disclosure of materials governed by the Jencks Act. *Id.* To the contrary, the opinion reviews the differences between discovery under *Brady* and that under the Jencks Act and reaffirms the fact that Jencks Act materials are "subject to discovery only after the witness has testified on direct examination." *Id*. at 262–63.

## CONCLUSION

The Court encourages the government to disclose Jencks Act materials to the defense prior to trial in the interest of fairness and to prevent unnecessarily delay. However, because § 3500 does not permit this Court to *order* such disclosure until after the relevant witnesses have testified at trial, Mr. Robertson's Motion [Doc. 41] is hereby **DENIED**.

ENTERED this 22nd day of October, 2019.

                                              MARTHA VAZQUEZ
                                              UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Charles E. Knoblauch | Paul Mysliwiec |
| *Attorney for Mr. Robertson* | *Assistant United States Attorney* |