IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 17-CR-02949-MV-1

v.

DASHAWN ROBERTSON,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Defendant Dashawn Robertson's Motion for Bill of Particulars. Doc. 40. The government filed a timely Response in opposition. Doc. 44. Having considered the Motion, the relevant law, and being otherwise fully informed, the Court finds that the Motion is well-taken and accordingly will be **GRANTED.**

## BACKGROUND

Mr. Robertson moves the Court for a bill of particulars to provide additional information about the allegations contained in Count 3 of the indictment in this case. Doc. 40 at 1. Count 3 charges him with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). Doc. 2 at 1. It alleges:

> On or about September 12, 2017, in Bernalillo County, in the District of New Mexico, the defendant, **DASHAWN ROBERTSON**, having been convicted of at least one of the following felony crimes punishable by imprisonment for a term exceeding on year:
>
> (1)      possession of a controlled substance (two counts),
>
> (2)      trafficking of a controlled substance (possession with intent to distribute), and
>
> (3)      trafficking of a controlled substance (by manufacture),
>
> knowingly possessed, in and affecting commerce, a firearm and ammunition.

*Id*. at 3.

Mr. Robertson requests a bill of particulars to provide additional details about: (1) how the allegations in Count 3 "relate to this jurisdiction;" (2) the specific firearm and ammunition alleged in the indictment; and (3) the evidence proposed by the government to demonstrate Mr. Robertson's knowledge of his status. Doc. 40 at 1–2. In support, he cites to caselaw establishing the need for a defendant to be adequately apprised of the charges against him so he can investigate the relevant facts and prepare a defense; the need for an indictment to be "sufficiently specific to satisfy the Fifth Amendment guarantee against double jeopardy;" and the fact that Rule 7(f) of the Federal Rules of Criminal Procedure was amended to eliminate the requirement that a defendant make a showing of cause as a prerequisite to the granting of a bill of particulars. Doc. 40 at 2–3.

The government makes two primary arguments in response. It first argues that the Court should deny Mr. Robertson's motion under Rule 7(f) because he submitted his request almost two years after the indictment was filed in this case. Doc. 44 at 1–2. It additionally argues that Mr. Robertson's motion is meritless because the indictment is facially sufficient and he has been apprised of "everything to which he is entitled" to learn through discovery and a Form 13 Presentence Investigation Report. *Id*. at 2–6.

As to the indictment, the government argues that it "provides enough information for [Mr. Robertson] to avoid surprise and to bar the risk of double jeopardy" because it generally tracks the language of the respective statutes and includes the dates of the illegal activity, the place where the crime occurred, and the allegation of the murder Mr. Robertson attempted, as well as his alleged motive for that murder. *Id*. at 4.

As to discovery, the government argues that the discovery Mr. Robertson has received in this case obviates his need for a bill of particulars. *Id*. at 5. It represents that it has provided the

defendants with "all relevant and material evidence it possesses," including police reports, audio recordings, transcripts of audio recordings, and photographs. *Id*. On Mr. Robertson's request for information about the basis for jurisdiction, the government responds that he knows the charged conduct took place within the District of New Mexico from his alleged participation in the offenses and from discovery. *Id*. at 2. On Mr. Robertson's request for information about his alleged knowledge of his status as a felon, the government responds that he has three prior felony convictions and that these convictions were listed in the Form 13 Presentence Investigation Report in this case. *Id*. at 2–3. The government finally asserts that Mr. Robertson has not provided a legal basis for his request for details about the firearm and ammunition he is charged with possessing. *Id*. at 3.

## STANDARD

Federal Rule of Criminal Procedure 7(f) provides that "[a] court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A defendant can move for such a bill "before or within 14 days after arraignment or at a later time if the court permits." *Id*. The purpose of a bill of particulars is "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes." *Wyatt v. United States*, 388 F.2d 395, 397 (10th Cir. 1968) (citation omitted); *see also United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995). While a detailed indictment and full discovery may obviate the need for a bill of particulars, *Kunzman*, 54 F.3d at 1526, it is within a trial court's discretion to grant or deny the bill. *United States v. Evans*, 542 F.2d 805, 809 (10th Cir. 1976).

Moreover, the requirement that a defendant show cause for a bill of particulars was eliminated by the Advisory Committee on Rules in 1966. *See* Fed. R. Crim. P. 7 advisory committee's note. The Tenth Circuit discussed this change in *King v. United States*, 402 F.2d 289, 292 (10th Cir. 1968), remarking that Rule 7(f) was "amended for the purpose of liberalizing the office of the bill of particulars." *Id.* The Court then explained:

> The liberalization was undoubtedly in recognition of the trend toward fuller disclosure of the Government's case to better serve the ends of criminal justice. While the discretion continues to reside in the trial court, it should be freely exercised with an awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his defense and, at least, to avoid prejudicial surprise.

*Id.*

## DISCUSSION

First, although Mr. Robertson has exceeded the 14-day window in which he could have moved for a bill of particulars by right, the Court will exercise its discretion under Rule 7(f) to permit this later filing. *See* Fed. R. Crim. P. 7(f).

Moving to the merits, the Court finds that Mr. Robertson's request for a bill of particulars is warranted. As the government admits, the indictment in this case "generally tracks the language of the respective statutes." Doc. 44 at 4. It accordingly lacks factual detail about some of the essential elements of the charged offenses, such as the make and model of the firearm and ammunition Mr. Robertson allegedly possessed and discharged. *See* Doc. 2 at 1–2. This information could prove critical to his preparation of a defense: under § 922(g), the government has to establish that the firearm and ammunition Mr. Robertson possessed had some nexus to interstate commerce, and it also has to show that the weapon qualifies as a "firearm" as defined in 18 U.S.C. § 921(a)(3).

Following *Rehaif v. United States*, to convict Mr. Robertson on the § 922(g) charge in Count 3, the government must also prove not only that he knew he possessed a firearm, but that "he knew he had the relevant status when he possessed it." 139 S. Ct. 2191, 2194 (2019). Presumably because the indictment in this case was filed almost two years before the decision in *Rehaif*, Count 3 provides no detail on this point, alleging only that Mr. Robertson "knowingly possessed... a firearm and ammunition" after having been convicted of at least one of three felony offenses. Doc. 2 at 2. Mr. Robertson's request for more information about the knowledge-of-status element of his Felon in Possession charge is therefore also reasonable.

Finally, the Court is not entirely clear on what additional information Mr. Robertson is seeking as to "how the allegations in Count 3 of the indictment relate to this jurisdiction" given that Count 3 specifies "Bernalillo County, in the District of New Mexico" as the location of the charged offense. *See* Doc. 40 at 1; Doc. 2 at 2. However, the Court notes that a bill of particulars setting out the time and place of the charged offenses with as much specificity as possible will be of value if a later court has to determine whether a subsequent case charges the "same offense" for the purposes of double jeopardy. *Wyatt*, 388 F.2d at 397 (stating double jeopardy concern as a reason for granting a bill of particulars). The Court further notes that this function of a bill of particulars, to create a precise statement of the key factual allegations in the case beyond the generic language of the indictment, has value for the purposes of the record even if Mr. Robertson is on notice as to some of the same facts through his review of the discovery.

## CONCLUSION

Because the Court accordingly finds that a bill of particulars is warranted, Mr. Robertson's Motion for Bill of Particulars [Doc. 40] is hereby **GRANTED**. Exercising its discretion and authority under Rule 7(f) of the Federal Rules of Criminal Procedure, the Court **HEREBY**

**ORDERS** the government to file a bill of particulars in this case no later than **Monday, November 4, 2019**. To the extent that the government possesses such information about the charged offenses, the bill should include:

(1) Additional information about the specific firearm and ammunition Mr. Robertson allegedly possessed and discharged on September 12, 2017, as charged in Counts 2 and 3 of the indictment;

(2) The government's basis for alleging Mr. Robertson's knowledge of his status as a felon in connection with the charge of Felon in Possession of a Firearm and Ammunition in Count 3 of the indictment, pursuant to *Rehaif v. United States*; and

(3) The alleged times and locations of the offenses charged in Counts 1, 2, and 3 of the indictment, to the level of specificity possible.

ENTERED this 24th day of October, 2019.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE


Charles E. Knoblauch
*Attorney for Mr. Robertson*

Paul Mysliwiec
*Assistant United States Attorney*