# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 17CR2949MV |
| | ) | |
| DASHAWN ROBERTSON, | ) | |
| Defendant. | ) | |

## DEFENDANT'S PROPOSED VOIR DIRE

1. It is import that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, =gender identity, or gender of the defendant, any witnesses, and the lawyers should play no part in the exercise of your judgement throughout the trial. Accordingly, during this voir dire and selection process, I or the lawyers may ask questions related to the issues of bias and unconscious bias.

2. A short video entitled Understanding the Effects of Unconscious Bias from the Western District of Washington and found at http://www.wawd.uscourts.gov/jury/unconscious-bias will be used to introduce the topic of bias.

3. What was your reaction to this video?

4. Feelings, assumptions, perceptions, fears, and even stereotypes can affect our decisions everyday. The video shows us a very strong representation of those implicit biases. This is a criminal case that will be decided by a jury's verdict. A just verdict based on the evidence, your reason and common sense, and the Court's instructions are required in a criminal case. Does everyone agree that a

fair verdict based on the evidence and not on bias is the right way to bring a criminal case to a conclusion?

5. Have any of you ever been a juror in a criminal case before? If so,

    a. When did you serve as a juror, what type of criminal offense was charged, and did you reach a verdict?

    b. Was there anything about your experience as a juror that may make it difficult for you to be fair and impartial in this case?

    c. Was there anything that occurred during deliberations that you feel may affect how you would deal with other juror's if chosen in this case?

    d. Did the judge make any comment about your verdict?

6. Do you all understand that an Indictment in a criminal case is merely a device for charging a person with a criminal offense and is not evidence and certainly not proof that a person has committed any offense?

    a. Do any of you feel that the mere filing of an Indictment must mean the person did something wrong?

    b. Why do you feel that way?

7. Do you all understand that the prosecution carries the complete burden of proof in this case and that it must prove every element of the offense charged beyond a reasonable doubt?

    a. Does anyone have a problem with the concept that requires the prosecution to prove guilt beyond a reasonable doubt?

8. Do you all realize that a person accused of a criminal offense is presumed innocent until such time that the prosecution overcomes that presumption of

innocence and proves the person's guilt beyond a reasonable doubt?

    a. Would anyone want to change that legal principal in any manner?

9.  Is there anyone on this panel who feels that the burden of proving guilt beyond

    a reasonable doubt is unfair to the government and that the burden should be

    reduced?

    a. Why do you feel that way?

10. Mr. Robertson has the right to remain silent, a right guaranteed by our

   constitution.  That means, if he chooses not to testify, you cannot consider that

   during  your deliberations.  Is there anyone on this panel who thinks, however

   slightly, that Mr. Robertson must be guilty if he decides not to testify in this case?

    a.  Does anyone feel that a defendant who chooses not to testify, on his own

    behalf, must have something to hide?

    b.Would anyone feel they need to hear from Mr. Robertson before they make

    a decision?

    c.Would you need to hear from both sides to make a decision?

    d. How many reasons can you think of that an innocent person would not want

    to speak in their defense?

11. Has anyone ever given a statement to a law enforcement officer

    a.  Did you ever have to testify in court about it?

    b.  Could you tell us about this experience?

12. Does anyone have any problem with finding someone not guilty just because he

    was at the scene of a crime, although he did not commit a crime himself?

13. After you have heard all the evidence in this case but are not convinced that the

government has established the defendant's guilt beyond a reasonable doubt even though there may be some evidence indicating his involvement in the offense, would any of you hesitate to return a verdict of not guilty?

14. During deliberations, do any of you feel you might be pressured to change your verdict if a majority of the other jurors believed that the defendant was guilty and you were in the minority believing there was a reasonable doubt as to his guilt?

    a. Would the fact that you were in the minority influence you to change your vote?

15. Do you understand that it is your sworn duty as jurors to find the defendant not guilty if the government has not met its burden of proof?

16. Who, amongst you, has been the victim of crime or had a close friend or relative who has the victim of crime?

    a. What type of crime?

    b. How long ago?

    c. Was the perpetrator punished?

    d. Do you have any strong feelings or thoughts about crime and/or criminals as a result of this experience?

17. Does anyone know any of the following possible witnesses:

    William Elliott

    Dr. Roy Malpass

18. How many of you own firearms?

19. How many of you actually use firearms?

20. Does anyone belong to the NRA?

21. Do any of you have any strong prejudices regarding firearms, either for or against?

    a. What is the basis for your prejudices?

    b. What sort of effect, if any, would this have on you being able to sit in judgement on a case wherein possession of a firearm is involved?

    c. How strong are those prejudices?

22. Does anyone have any prejudices regarding felons?

    a. Does anyone believe that felons should be completely deprived of their civil rights?

    b. Does anyone believe that a felon should suffer a lifelong disability in addition to other punishments?

23. Have you, or a close family member, or close friend, ever served as a law enforcement officer or an employee of a law enforcement agency?

    a. Could you describe the nature, type and duration?

    b. Would you as a result give more or less weight, no matter how slight, to the testimony of a law enforcement officer over the testimony of a civilian?

    c. Does anyone believe that police officers are honest?

    d. Does anyone believe that police officers are dishonest?

    e. How would you feel about returning a verdict that may embarrass a law enforcement officer?;

24. Does anyone on this panel have any difficulty with hearing, reading, or seeing?

    a. If so, do you feel you should be excused from serving on this particular

case?

25. Mr. Robertson is an African-American, a distinct minority in New Mexico. Does anyone have any prejudices or biases because of this?

    a. Because Mr. Robertson is African American, would that cause anyone to be more likely to believe that he shot someone whom he believed was a stoolpigeon or possessed a firearm when this was prohibited to him?

    b. Can anyone tell us about any interactions, relationships, or disagreements that anyone had experienced with African Americans?

26. Does anyone have any pressing business, employment or a personal matter that would not allow you to sit as a juror in this case?

27. Is there any reason that any of you would like to discuss, either at this time or at the bench, as to why you cannot serve as a juror in this case? (Please feel free to approach the bench for a private conference if you feel that is necessary.)

28. Do you know of any reason, or has anything occurred during this questioning, that might make you doubtful as to whether you could be completely fair and impartial in this case?

29. Is there anything you were not asked that you think is important to this process of selecting a jury?

This will certify that a copy of the foregoing was sent to all counsel of record on the _ __ day of ____, 2020.
*Electronically Signed*
Counsel for Defendant

Respectfully Submitted,
*Electronically Signed*
Charles E. Knoblauch
1412 Lomas NW
Albuquerque, NM 87104
Phone: (505) 842-0392