# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                                               No. 17-CR-02949-MV-1

v.

DASHAWN ROBERTSON,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Mr. Robertson's Motion in Limine Photographs. Doc. 76. The government filed a response in opposition [Doc. 89] and Mr. Robertson filed a reply [Doc. 98]. The Court then reviewed the photographs in question and heard further argument from the parties at the status conference held in this case on September 11, 2020. Having reviewed the briefs, exhibits, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

## BACKGROUND

Mr. Robertson is charged in a three-count superseding indictment with Obstruction of Justice by Retaliating Against a Witness, Victim, or Informant, in violation of 18 U.S.C. § 1513(a)(1)(B); Possessing and Discharging a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c); and Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 86. The charges arise from his act of allegedly shooting an individual named Desmick Sharber eight times in the early morning hours of September 12, 2017 in retaliation for Mr. Sharber's cooperation with the federal government in a criminal case two years earlier. *See* Doc. 38 at 2. Mr. Robertson pled not guilty to the charges at an arraignment

held on December 11, 2017 [Doc. 9] and a trial in the case is set for December 7, 2020.

In the instant motion, Mr. Robertson asks the Court to prohibit the government from introducing two sets of photographs at trial under Rules 401 and 403 of the Federal Rules of Evidence. *See generally* Doc. 76. The first set of photographs shows the parking lot in which Mr. Sharber was allegedly shot on September 12, 2017. *Id*. at 1. In addition to several bullet casings, the photographs appear to depict a child's car seat laying on the ground. *Id*. Mr. Robertson argues that car seat has no relevance to the charges in this case and its presence in the photographs would unduly "inflame the prejudices of the jury" in violation of Rule 403. *Id*. at 2. The second set of photographs shows a bloody t-shirt with what appear to be several bullet holes throughout. *Id*. Mr. Robertson argues that introducing more than one of these photographs is unnecessary because they are duplicative; that the graphic nature of the photographs could unfairly prejudice the jury; and that the unfair prejudice "can be blunted" by excluding some of the photographs and by introducing black and white versions that do not depict the blood in color. *Id*. at 2–3.

In its response, the government argues that photographs of the parking lot are relevant because they "tell the story generally of how the crime occurred" and also go to several elements the government has to prove with regard to the ammunition recovered at the crime scene. Doc. 89 at 3. Specifically, the government argues that the bullet casings pictured in the photographs go to the "interstate travel of the ammunition in question" as well as "the status of the ammunition… as modern center-fire cartridge ammunition, such that any device designed to fire it would meet the relevant federal definition of a 'firearm.'" *Id*. As for the photographs of the bloody t-shirt, the government argues that they are admissible because "[p]ictures of the clothing the victim was wearing when Defendant shot him over half a dozen times at point blank range with a .45 caliber pistol, showing both the location of the bullet holes and the resulting blood," are highly probative

of contested facts that it has to prove: namely, that Mr. Robertson attempted to injure or kill Mr. Sharber and did so with a firearm. *Id*. at 3. The government also argues that Mr. Robertson has failed to articulate why the introduction of the photographs in question would cause him unfair prejudice. *Id*.

At the September 11, 2020 status conference in this case, the government provided the Court with copies of the photographs in question. The parties then discussed their positions on the motion in more detail. In response to the Court's inquiry about the necessity of including the car seat in the photographs of the parking lot, the government expressed its willingness to crop the car seat out of the photographs if the defense stipulates to the admission of the photographs as altered. Doc. 195 at 2. The defense indicated no objection to that proposal. *Id*. The government further represented that it would be willing to pick one of the two photographs of the bloody t-shirt depicted in Bates Numbers 577 and 578 because they are duplicates of each other. *Id*. at 3. The Court then issued its ruling on the motion, which it reiterates below.

## DISCUSSION

Having considered the parties' arguments, and after reviewing copies of the photographs in question at the September 11, 2020 status conference, the Court finds that their admission at trial would not violate Rules 401 or 403 of the Federal Rules of Evidence. *See* Fed. R. Evid. 401 and 403. Regarding the photographs of the parking lot, the Court agrees with the government that they are relevant because they provide an overview of the crime scene and show the location of several bullet casings recovered after the shooting. And while the Court agrees with the defense that the car seat depicted in several of the photographs is irrelevant and carries the potential for unfair prejudice, the government agreed to cure that prejudice by cropping the car seat out of the photographs. *See* Doc. 195 at 2. Once those alterations are complete, the photographs of the

parking lot will present little risk of unfair prejudice under Rule 403 to outweigh their relevance under Rule 401. The Court therefore declines to exclude the photographs on that ground.[1]

The same is true of the photographs of the bloody t-shirt. As the Court explained at the status conference, the photographs are clearly relevant under Rule 401 because they depict the fact of the alleged shooting and several critical aspects of it, including the number of times the victim was shot and where he was shot. Nor are the photographs unfairly prejudicial under Rule 403 just because they depict the blood that Mr. Sharber lost as a result of the shooting. While upsetting to see, the blood is relevant to the nature and extent of Mr. Sharber's injuries, which in turn shows that he was shot a number of times by a functional firearm. The Court accordingly finds that Rules 401 and 403 do not bar the admission of these photographs, except that the government will only be permitted to introduce one of the two duplicate photographs pictured in Bates Numbers 577 and 578. The Court also notes that before offering the photographs of the bloody t-shirt for admission, the government will have to lay a proper foundation to establish that each photograph shows what the government alleges. It will have to establish, for example, that the photograph pictured in Bates Number 592 depicts a bullet hole rather than a tear in the t-shirt.

## CONCLUSION

For the reasons set forth above, Mr. Robertson's Motion in Limine Photographs [Doc. 76] is hereby **DENIED**. The Court declines to exclude the photographs in question under Rules 401 or 403 of the Federal Rules of Evidence, with two exceptions: (1) the government will be required to crop the child's car seat out of the photographs of the parking lot; and (2) the government may only admit one of the two duplicate photographs pictured in Bates Numbers 577 and 578.

---

[1] The Court notes that the government will still have to lay a proper foundation for the photographs in question to be admitted at trial. Here, the Court is only ruling that their admission will not be barred under Rules 401 and 403 of the Federal Rules of Evidence.

Dated this 28th day of September, 2020.

                                                                                                          _____
                                                                                                          MARTHA VÁZQUEZ
                                                                                                          UNITED STATES DISTRICT JUDGE