**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,
   Plaintiff,

vs.                     No. <u>17-CR-2949-MV</u>

DASHAWN ROBERTSON,
   Defendant.

**<u>DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS</u>**

  COMES NOW, the Defendant Dashawn Robertson, by and through his counsel of record, and respectfully requests that the Court include the following proposed instructions in its charge to the jury, and requests permission to submit any additional instructions that may become appropriate as a consequence of the trial proceedings.

  In addition to the jury instructions already agreed to by the parties (Doc. <u>102</u>), Mr. Robertson submits the following proposed instructions for consideration:

1

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. \_\_\_\_

The government must prove, beyond a reasonable doubt, that the offense(s) charged in this case was actually committed and that it was the defendant who committed it. Thus, the identification of the defendant as the person who committed the offense(s) charged is a necessary and important part of the government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness. You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offense(s) charged? You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the crime(s) the product of the witness's own recollection? In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the crime(s) and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of the defendant as the person who committed the offense(s) charged, you must find the defendant not guilty.

**IDENTIFICATION TESTIMONY**
U.S. District Court, Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS, 1.29
Revised August 9, 2004

Comment on Tenth Circuit Identification Jury Instruction

    There is a serious possibility of mistake inherent in uncorroborated identification testimony.  This instruction should be given whenever identification testimony has become an issue because of lack of corroboration or limited opportunity for observation, because the witness's memory has faded by the time of trial, or because of law-enforcement induced problems that might affect the reliability of identification testimony.

    This instruction takes account of United States v. Telfaire, 469 F.2d 552, 558 (D.C. Cir. 1972). An instruction consisting only of the first and last paragraphs may be consistent with United States v. Pena, 930 F.2d 1486, 1492-93 (10th Cir. 1991), and United States v. Thoma, 713 F.2d 604, 607-08 (10th Cir. 1983) (discussing when cautionary instruction is needed).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. _____

The burden is on the State to prove beyond a reasonable doubt that the defendant is the person who committed the crime with which [he] [she] is charged.  If, after considering the circumstances of the identification and any other evidence in this case, you have a reasonable doubt whether defendant was the person who committed the crime, you must give the defendant the benefit of that doubt and find [him] [her] not guilty.

CALJIC 2.91. Burden of Proving Identity Based Solely on Eyewitnesses (Attached)

In *People v. Hall*, 28 Cal.3d 143, 159-160, 167 Cal.Rptr. 844, 853-854, 616 P.2d 826, 835-836 (1980), the Supreme Court said: "In the future, the trial courts should consider and give appropriate instructions involving reasonable doubt and eyewitness **identification**."

Respectfully Submitted,

*/s/ Jennifer J. Wernersbach*
Attorney for Defendant
Huggins & Wernersbach, P.C.
1201 Lomas Blvd. NW, Ste. B
Albuquerque, NM 87102
(505) 363-4599

*/s/ Charles E. Knoblauch*
Attorney for Defendant
1412 Lomas NW
Albuquerque, NM 87104
(505) 842-0392

*/s/ Sarah M. Gorman*
Attorney for Defendant
1201 Lomas Blvd. NW, Ste. A
Albuquerque, NM 87102
(505) 243-5442

I HEREBY CERTIFY that on November 2, 2020,
I will electronically file the foregoing with the Clerk
of the Court using the CM/ECF system, which will then
send a notification of such filing to all parties entitled to notice.

*/s/ Jennifer J. Wernersbach*
Jennifer J. Wernersbach