IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                                No. 17-CR-02949-MV-1

DASHAWN ROBERTSON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Dashawn Robertson's Motion in Limine to Exclude Speculative Testimony. Doc. 217. In it, he asks the Court to exclude any testimony from government witnesses "regarding the unsubstantiated matching of holes in the alleged t-shirt worn by the victim on the date of incident in this matter to a particular caliber of ammunition or type of firearm." *Id.* at 1. Mr. Robertson represents that none of the expert opinions provided by the government support matching the holes in the t-shirt to a particular weapon or caliber and that "[t]he Government has not provided any report or data that would suggest that testing had even been done to determine whether each hole in the t-shirt could be traced to a type of ammunition or if each of the holes occurred on the same date of this incident." *Id.* at 2. He accordingly argues that any such testimony should be prohibited under Rule 702 of the Federal Rules of Evidence. *Id.*

In response, the government submits that "[t]he holes in the t-shirt are consistent with .45 ACP bullets, shell casings for which were found by police and recovered at the site of the shooting." Doc. 220 at 2. It accordingly submits that it "might ask its forensics firearms technician witness about the consistency of the holes with various calibers of ammunition, if it lays a proper

foundation first to ask such a question pursuant to Federal Rules of Evidence 702 and 703." *Id*. The government continues that it might "also ask one of its [ATF] witnesses to make founded and relevant observations about this evidence in accordance with Federal Rule of Evidence 701." *Id*. It argues that Mr. Robertson's request that this evidence be excluded is unsupported by the caselaw and is overly broad. *Id*. at 3.  In reply, Mr. Robertson asserts that he is not aware of any forensic testing of the t-shirt, like a gunshot residue test, that would establish that the holes were in fact caused by gunshots.  Doc. 242 at 1.  He also argues that other .44 and .45 caliber bullets could have caused the holes and there is accordingly no way to reliably conclude that the holes were caused by .45 ACP bullets, as the government suggests.  *Id*. at 2.

The parties then discussed this motion further at the pretrial conference held on November 12, 2020.  The government acknowledged that its expert witnesses have not conducted any forensic testing on the t-shirt but then clarified that it would not be eliciting expert testimony to exclude any brands of firearms or ammunition from causing the holes.  Doc. 254 at 3.  Instead, the government represented that it will be eliciting lay witness testimony that the holes in the t-shirt—which the government represents are approximately .45 inches in diameter—are "consistent" with .45 ACP ammunition.  *Id*.  In response, the Court expressed concern that the government has not yet established an adequate foundation to support such testimony because it has not explained, for example, how the distance of the shooter or the angle of the shooting might have affected the ultimate size of the alleged bullet holes in the t-shirt.  *Id*.  The defense reiterated its position that the proposed testimony is unduly speculative and the consistency the government is alleging between the holes and the recovered ammunition has not been established by facts in the record. *Id*.

As the Court stated at the pretrial conference, it will neither exclude nor admit the evidence

in question at this point. The government will bear the burden at trial of establishing a proper evidentiary foundation for the proposed testimony, and it must do so through a witness with personal knowledge about the t-shirt and the ammunition, as required by Rule 602 of the Federal Rules of Evidence.[1] *See* Fed. R. Evid. 602. If the testimony will indeed be lay witness testimony under Rule 701, the government must also establish that it is not "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Unless and until the government establishes a proper foundation, the Court will not permit it to elicit any evidence about the "matching of holes in the alleged t-shirt worn by the victim on the date of incident in this matter to a particular caliber of ammunition." Doc. 217 at 1.

## CONCLUSION

For the foregoing reasons, the Court rules on Mr. Robertson's Motion in Limine to Exclude Speculative Testimony [Doc. 217] in accordance with this order.

Dated this 13th day of November, 2020.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that to the extent the relevant measurements of the t-shirt holes and ammunition are contained in sworn documents that were prepared by forensic scientists other than the government's intended witnesses, the Supreme Court's holding in *Melendez Diaz v. Massachusetts*, 557 U.S. 305 (2009) would prohibit the introduction of any such documents absent an opportunity for Mr. Robertson to confront their author[s] on cross-examination. *See id*. at 311.