# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

                                      No. 17-CR-02949-MV-1

DASHAWN ROBERTSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Dashawn Robertson's Motion in Limine to Allow Testifying Witnesses and Jurors During Voir Dire to Remove Face Masks. Doc. 239. In it, Mr. Robertson moves the Court to "require all testifying witnesses [to] remove their face masks while testifying during trial and that all jurors during voir dire remove their masks" as well. *Id*. at 1. For support, he cites the Sixth Amendment's Confrontation Clause, the Sixth Amendment right to an impartial jury, and the Due Process Clause. *Id*. at 2. He does not cite any cases explaining the boundaries of those constitutional provisions or how they compel what he is requesting here.[1] While Mr. Robertson does cite a recent case from the District of New Mexico that he claims "permitted this request by the defense," he then goes on to state that, in the case, Chief Judge Johnson "required all testifying witnesses and all jurors during voir dire to remove their masks and replace them with face shields *if they chose to do so*." *Id*. at 2 (emphasis added).[2]

---

[1] At the November 12, 2020 pretrial conference, Mr. Robertson cited several courts that have considered this issue but could not point to one that has required the removal of face masks.

[2] The Court cannot help but find this statement in Mr. Robertson's motion misleading because the Court does not understand how Chief Judge Johnson could have "required" witnesses and jurors to remove their masks if he gave them the *choice* to do so.

In response, the government does not oppose the request that testifying witnesses substitute their masks for plastic face shields because witnesses "will be separated from everyone else in the courtroom by both distance and a physical plastic barrier" and because "assessing the credibility of each witness is a core jury task that a cloth facemask does meaningfully affect." Doc. 249 at 2. The government does object to the Court ordering prospective jurors to remove their face masks during voir dire, however, because they, "in contrast, will not be physically separated from each other except by their cloth face masks." *Id*. The government continues that "while assessing the honesty of each panel member as they answer questions is important, it is rarely so hotly contested as witness testimony is. So, to demand jury panel members take off their life-saving masks while they are in physical proximity to one another both risks more, and accomplishes less, than to issue the same command to a testifying witness." *Id*.

The Court agrees with the government's analysis. An unimpeded opportunity to cross-examine adverse witnesses face-to-face and in full view of the jury is core to the Sixth Amendment right of confrontation. As the Supreme Court explained over 125 years ago:

> The primary object of [this provision] was to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, *but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief*.

*Mattox v. United States*, 156 U.S. 237, 242–43 (1895) (emphasis added). The Court also agrees that requiring testifying witnesses to remove their face masks in lieu of clear face shields does not create an unacceptable health risk given that they will be situated apart from other trial participants on the witness stand and given that they will be testifying from behind plexiglass.

The same cannot be said for prospective jurors during voir dire, however. Although

socially distanced, they will not be separated from each other in the way that testifying witnesses will be, and to the Court's knowledge, they will not be separated by plexiglass barriers. Requiring prospective jurors to remove their face masks will therefore create an unacceptable health risk in light of COVID-19. And unlike with the Confrontation Clause, the Court is aware of no authority, nor has Mr. Robertson cited any, holding that the Sixth Amendment right to an impartial jury or Due Process demand that the defendant have unimpeded visual access to prospective jurors' facial expressions during jury selection. The Court believes that Mr. Robertson's continuing ability to ask questions during voir dire, and his ability to see the upper half of prospective jurors' faces, is enough to satisfy his constitutional rights, at least in the middle of a global pandemic. The few courts that have recently considered this novel constitutional issue appear to agree. *See United States v. Crittenden*, No. 4:20-CR-7 (CDL), 2020 WL 4917733, at *8 (M.D. Ga. Aug. 21, 2020) (unreported) and *United States v. Trimarco*, No. 17-CR-587 (JMA), 2020 WL 5211051, at *5–6 (E.D.N.Y. Sep. 1, 2020) (unreported).

## CONCLUSION

For the foregoing reasons, Mr. Robertson's Motion in Limine to Allow Testifying Witnesses and Jurors During Voir Dire to Remove Face Masks [Doc. 239] will be **GRANTED IN PART**. The Court will order testifying witnesses to replace their cloth face masks with clear face shields but it will require jurors and prospective jurors to keep their face masks on at all times, including during voir dire.

Dated this 13th day of November, 2020.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE