# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) Case No. 17-CR-2949-MV |
| vs. | ) ) |
| DASHAWN ROBERTSON, | ) ) ) |
| Defendant. | ) |

## UNITED STATES' MOTION TO EXCLUDE LATE-NOTICED DEFENSE EXPERT TOM JAMESON, ESQ.

The United States is in receipt of a notice of expert testimony, Doc. 375, filed on the evening of March 18, 2021, by defendant Dashawn Robertson ("Defendant"), which gives notice that Defendant intends to call retired Assistant Federal Defender Tom Jameson, Esq., as a witness in this case. The deadline for witness lists in this case was March 8, 2021. Doc. 304. The United States respectfully moves to exclude Mr. Jameson as a witness because his testimony will be largely irrelevant, and because Defendant identified him as a witness outside of the deadline imposed by the Court.

I. Relevance and Prejudice.

Regarding the relevance of Mr. Jameson's testimony, he is proposed as an expert on how federal sentencing works, and more specifically the sentencing benefits federal defendants (like the two confidential witnesses in this case) can gain from cooperating with the government against other federal defendants (such as Defendant). The United States is very familiar with Mr. Jameson, and does not doubt his expertise in those matters or the sincerity of his expected

testimony. Instead, the United States objects to that testimony because the disputed material matter of which it is arguably probative, the bias or lack of bias of the two confidential witnesses in this case, is not properly addressed by his analysis of the situations those two witnesses face.

The potential bias of the two cooperating witnesses is clearly a relevant issue for the jury to consider. So, as previously discussed with the Court, the defense will be allowed to inquire of the confidential witnesses what benefits they can expect to receive for providing testimony against Defendant. The Court has ordered disclosure of various documents that could possibly hold evidence of promises of benefits to the confidential witnesses, both from the United States and unrelated third parties. The United States has explicitly inquired of its extended prosecution team whether any previously-unknown promises had been made to any witnesses. All of those things go to the fact in dispute: what bias the witness might have to provide testimony that would potentially earn them a benefit in return.

What would not be relevant to the bias of those witnesses is the objective truth, or Tom Jameson's analysis of the objective truth, of the benefits available to cooperators in general or these two confidential witnesses in specific. To the extent that objective truth shapes their beliefs, and therefore their potential bias, the belief is the proper inquiry. To the extent their advice from their lawyer has shaped their belief, asking that lawyer what that lawyer believes the objective truth of the witness's sentencing situation to be would be the proper inquiry (though asking what the lawyer advised their client could draw an objection).

Additionally, because Defendant too is in federal court, testimony of the nature Defendant proposes risks violating the Court's order at Doc. 129, prohibiting discussion of punishment or sentencing before the jury. Adducing testimony from an expert about the

objective functioning of the federal sentencing system necessarily could invite the jury to consider how that system might apply to Defendant if he is convicted, which the Court has prohibited. That danger of violating the Court's order exists to a much lesser extent were the same information or topic to be approached simply through cross-examining the confidential witnesses (or even examining their lawyers as fact witnesses). To adduce the testimony from Mr. Jameson as proposed, therefore, would needlessly increase the prejudice suffered by the United States and undermine the Court's order at Doc. 129 as compared to other available options to explore the potential bias of the confidential witnesses.

Accordingly, the United States moves to exclude the testimony of Tom Jameson, Esq., as irrelevant, or in the alternative as unfairly prejudicial far beyond its potential probative value, per Federal Rules of Evidence 401, 402, and 403.

II. Violation of the Court's Scheduling Order.

This Court ordered the parties to disclose their witness and exhibit lists no later than March 8, 2021. Doc. 304. Trial is set for April 5, 2021. *Id*. Defendant filed the instant notice of expert testimony on the evening of March 18, 2021. Doc. 375. Defendant did not, so far as the United States is aware, seek leave of the Court or otherwise gain permission for the late filing.

In the Tenth Circuit, "[t]here are three principal factors that a district court should consider in determining the appropriate sanction for violating a scheduling order: 1) the reason for the delay, including whether the non-compliant party acted in bad faith; 2) the extent of prejudice to the other party; and 3) 'the feasibility of curing the prejudice with a continuance.'" *United States v. Yepa*, 608 Fed. Appx. 672, 677 (10th Cir. 2015) (quoting *United States v.*

*Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)) ("*Yepa II*"). The Tenth Circuit reviews a district court's decision to exclude evidence as a sanction for discovery violations for abuse of discretion. *United States v. Banks*, 761 F.3d 1163, 1196 (10th Cir. 2014). But it reviews the district court's findings of fact for clear error. *United States v. Gonzales*, 164 F.3d 1285, 1289 (10th Cir. 1999). Further, *Wicker*'s "three factors merely guide the district court and do not dictate the bounds of the court's discretion." *United States v. Russell*, 109 F.3d 1503, 1511 (10th Cir. 1997).

Here, the United States cannot ascertain why Defendant waited until two weeks before trial and after the deadline in the Court's scheduling order to submit the instant expert notice. Defendant has known for over a year now that the United States has at least one confidential witness facing their own federal sentencing. Every practicing federal criminal attorney, government or private, should be able to perform the analysis being proposed for Mr. Jameson. There is simply no reason this testimony could not have been noticed earlier. While the United States cannot determine whether Defendant delayed this disclosure intentionally to gain an advantage, the timing suggests as much. "[N]egligence alone is not bad faith." *United States v. Yepa*, 572 Fed. Appx. 577, 586 (10th Cir. 2014) (unpublished) (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). "There must be willful conduct motivated by a desire to obtain a tactical advantage over the [opposing party]." *Id* (citations omitted).

As to the second *Wicker* factor, the extent of the prejudice to the government is extensive. First, this late noticed expert witness will cause the United States to have to consider whether it needs time to locate a similar counter-expert witness of its own, which could lead to a continuance of the trial date the Court and the parties have worked so hard to keep. Also, as

described above, the proposed testimony flirts with direct violation of the Court's order at Doc. 129 prohibiting Defendant to encourage jury nullification after he expressly signaled a desire to engage in such encouragement. Additionally, the lateness of the disclosure requires the government to stop other trial preparation, including the marshaling of *Giglio* information about one of the same confidential witnesses requested by Defendant, in order to address the new proposed witness.

As to the third *Wicker* factor, whether a continuance can cure whatever prejudice exists, it likely cannot. First, the United States has already disclosed the identity of its witnesses, including jailed cooperating witnesses, at great risk to their safety. The United States has expressed concern about efforts to intimidate or obstruct government witnesses, which concerns will only be amplified if this trial is continued. Secondly, the Court has spoken extensively on the record in this case about its strong concerns about the length of Defendant's pretrial detention. The United States has never asked for a trial continuance in this case, and has opposed several of Defendant's requests to continue trial. For this reason, further delay would not only prejudice the United States, it would prejudice the Defendant as well.

Because all three factors weigh against Defendant, exclusion of the late-proposed witness is the most appropriate remedy. "District Courts have broad discretion in imposing sanctions on parties who violate discovery orders, and we review a court's decision to impose sanctions and its choice of sanction for abuse of discretion." *United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999) (citing *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996)). "The court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." *Id*. at 1292 (citing *Ivy*, 83 F.3d at 1280). Exclusion of the witness, whose

5

testimony is not relevant in the first instance, is the least severe remedy available.

The filing of this motion in CM/ECF caused a copy to be served on counsel appointed to represent Defendant, who oppose it.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically Filed March 23, 2021*
PAUL J. MYSLIWIEC
EVA M. FONTANEZ
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274