IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                          No. 17-CR-02949-MV

DASHAWN ROBERTSON,

    Defendant.

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF CW #1'S PRESENTENCE INVESTIGATION REPORT

Defendant, Mr. Dashawn Robertson, through counsel of record, Ryan J. Villa and Sarah M. Gorman, respectfully moves the Court, pursuant to Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States*, 405 U.S. 150, 153 (1972), to Compel Production of Confidential Witness 1's PSR. Although the government confirms that a PSR has been produced for CW # 1 to the parties in his case, which includes the government, and Mr. Robertson agrees the PSR can be produced under protective order with unnecessary information redacted, the government refuses to produce the PSR.

CW #1 is a jailhouse informant who outlandishly claims that Mr. Robertson confessed to him that he shot the alleged victim in this case while the two were incarcerated together pretrial. There is no corroboration of this claim. The only benefit the government indicates CW #1 will receive for his testimony is a reduction in his sentence pursuant to a § 5K1.1 motion. Thus, Mr. Robertson's only avenue of attacking his credibility is to explore his understanding of the type of benefit he hopes to receive for his testimony. CW # 1's PSR, specifically the guideline calculation pre and post plea, are perhaps the best evidence of his understanding of his expected sentence before and after he entered his plea, and before any motion for departure pursuant to U.S.S.G. §

5K1.1 for substantial assistance in testifying against Mr. Robertson. The PSR is therefore material subject to *Brady* and *Giglio* as it contains information favorable to Mr. Robertson—the sentence CW #1 could receive if he did not cooperate with the government. The PSR may contain other information that could be used for impeachment, such as criminal history.

Mr. Robertson requested to interview CW # 1, through his counsel. This request was denied. Accordingly, it is unknown exactly what CW # 1 understands about his estimated guideline sentence pre and post plea. Short of querying him about privileged and confidential conversations he has had with his attorney, the estimated guideline sentence in his PSR is likely to demonstrate CW #1's understanding of his estimated guideline range before departure. This information is critical for Mr. Robertson to be able to adequately cross-examine CW #1 about the benefits he hopes to receive for his testimony. Accordingly, Mr. Robertson requests the Court compel the government to produce CW #1's PSR.

Respectfully submitted,

*/s/ Ryan J. Villa*

Ryan J. Villa
5501 Eagle Rock Ave NE, Suite C2Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Sarah M. Gorman*

Sarah M. Gorman
1201 Lomas NW,
Suite AAlbuquerque,
NM 87102
(505) 243-5442
smgorman.law@gmail.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 23, 2021, I filed the foregoing electronically through the CM/ECF system, which caused counsel for the United States to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                                    /s/ *Ryan J. Villa*
                                                   RYAN J. VILLA