# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-CR-2949-MV |
| vs. | ) | |
| | ) | |
| DASHAWN ROBERTSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' REPLY ON MOTION TO EXCLUDE LATE-NOTICED DEFENSE EXPERT TOM JAMESON, ESQ.

The United States respectfully files this reply to defendant Dashawn Robertson ("Defendant")'s response, Doc. 398, to the government's motion to exclude late-noticed expert witness Tom Jameson, Esq., Doc. 391.  In his response, Defendant admits that Mr. Jameson's testimony concerns "an objective inquiry that in no way bears on what the two informants 'believe' to be true."  Doc. 398, p. 2.  It is, for that reason, functionally irrelevant to the potential bias of those two government witnesses and should be excluded.

The benefits the two cooperating witnesses expect to receive from their cooperation is a proper topic on which to inquire —of them, on cross-examination.  Bias is always relevant, and never collateral.  *See Montoya v. Sheldon*, 898 F. Supp. 2d 1259, 1269 (D.N.M. 2012).  But unless Mr. Jameson can tie his objective analysis to the expectations of those cooperating witnesses, what is the relevance of that analysis?  Defendant claims that the witnesses may lie about their expectations.  *Id*. at 2 *et seq*.  But that is a possibility that can be explored on cross-examination and does not make Mr. Jameson's intended testimony relevant to the jury. Certainly

defense counsel might consult with Mr. Jameson if they believe that will help their preparation for this case generally or the cross-examination of the cooperators more specifically. But unless the two cooperators have somehow benefitted from Mr. Jameson's personal expertise and objective assessment of their guideline calculations, his testimony is not connected in any helpful way to their expectations, and therefore their potential bias. Contrary to Defendant's assertion, he should indeed be "limited to what the jailhouse informants understand or believe[.]" Doc. 398, p. 2.

Additionally, the United States has agreed to disclose the actual guideline analysis for CW #1, though there is some ongoing litigation as to the form in which the government will disclose that information. If the Court grants the continuance it is currently contemplating related to late-disclosed communications to witness N.F., the government expects the same information will become available for CW #2. If objective analysis of the cooperators' guidelines situations is relevant beyond its use in cross-examination, the purest form of that information surely comes from their Presentence Investigation Reports, rather than from a single experienced defense attorney.

The United States accepts defense counsel's timing explanation *vis a vis* the increased complexity of the sentencing situation faced by the only-recently-identified CW #2. The government maintains the proposed testimony should be excluded on relevance grounds as described above and in the original motion to exclude.

The filing of this motion reply in CM/ECF caused a copy to be served on counsel appointed to represent Defendant, who oppose it.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically Filed March 26, 2021*
PAUL J. MYSLIWIEC
EVA M. FONTANEZ
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274