# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            No. 17-CR-02949-MV-1

DASHAWN ROBERTSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Dashawn Robertson's Motion to Unseal Judicial Records Related to the Government's Second *Brady* Violation. Doc. 418. The government filed a response in opposition [Doc. 422] and Mr. Robertson filed a reply [Doc. 423]. Having reviewed the briefs, sealed records, relevant law, and being otherwise fully informed, the Court finds that the motion is well-taken and will be **GRANTED**.

## BACKGROUND

Mr. Robertson is charged in a three-count superseding indictment with Obstruction of Justice by Retaliating Against a Witness, Victim, or Informant, in violation of 18 U.S.C. § 1513(a)(1)(B); Possessing and Discharging a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c); and Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 86. The charges arise from his alleged act of shooting an individual named D.S. eight times in the early morning hours of September 12, 2017 in retaliation for D.S.'s cooperation with the federal government in a criminal case two years earlier. *See* Doc. 38 at 2. Mr. Robertson pled not guilty to the charges at an arraignment held on

December 11, 2017 [Doc. 9] and a trial in the case is set for May 17, 2021.

In the instant motion, Mr. Robertson asks the Court to unseal four filings in this case related to the parties' ongoing litigation over a potential *Brady* issue. Doc. 418 at 1. The issue arose after the Court approved an opposed Rule 17(c) subpoena requested by the defense and the materials received in response to the subpoena revealed previously undisclosed promises made and benefits conferred to Natalie Fisher, a key government witness, by the government's case agent, Task Force Officer (TFO) Kacy Ramos. Doc. 418 at 2. More specifically, the responsive materials included jail calls from the summer of 2020 in which TFO Ramos agreed to help Ms. Fisher by contacting government attorneys in Iowa on her behalf about a no-contact order between her and her son. *Id*. Eventually, TFO Ramos called Ms. Fisher to inform her that the no-contact order was going to be lifted. *Id*. TFO Ramos also told Ms. Fisher that he had spoken to the prosecuting attorneys on this case about writing her a favorable letter to the Iowa Board of Parole and that they were willing to do so. *Id*. at 2–3; *see also* Doc. 388 at 9.

Several months prior to granting the opposed Rule 17(c) subpoena, the Court issued an order specifically requiring the government to disclose any such information to the defense. *See* Doc. 418 at 3. In response, the government denied that any such information existed. *Id*. As a result, after learning of the undisclosed promises and benefits, the Court filed a sealed order for briefing [Doc. 388] and the parties filed sealed responses [Doc. 395 and 396]. The Court then held a sealed status conference on the matter on March 26, 2021 at which it decided to continue Mr. Robertson's previously scheduled trial date in the interests of justice so that the parties could conduct more discovery on the issue and the Court could ultimately determine an appropriate sanction for any *Brady* and/or discovery order violations. *See* Doc. 404 (Sealed Clerk's Minutes). An evidentiary hearing on the matter is set for May 3, 2021. Doc. 417.

Mr. Robertson now moves the Court to unseal four filings related to the potential *Brady* issue: the Court's Sealed Order for Briefing [Doc. 388], the parties' sealed responses [Docs. 395, 396], and the sealed minutes from the March 26, 2021 status conference [Doc. 404]. Doc. 418 at 1. He points to the presumption in favor of public access to judicial records and argues that these filings should be unsealed "absent a finding by the Court[] that there is a sufficiently significant interest that overrides [that] well-established presumption." *Id*. at 7. He also argues that if there is information in the filings that should remain under seal, the Court can order the appropriate party to file a narrowly redacted version under Rule 49.1(d) of the Federal Rules of Criminal Procedure. *Id*. at 1 (citing Fed. R. Crim. P. 49.1(d)).

In response, the government argues that the filings should remain under seal. Doc. 422. It argues that while it is aware of "the strong presumption in favor of public access to the judicial record, here the countervailing interests of Ms. Fisher's privacy related to her personal struggles heavily outweigh that public interest, justifying [the] Court's decision to file Doc. 388 under seal and maintain the seal on all related documents." *Id*. at 2–3. More specifically, the government points to five categories of information in the relevant filings that justify their remaining under seal: (1) Ms. Fisher's custody status; (2) Ms. Fisher's interactions with drug treatment programs; (3) Ms. Fisher's history of difficulty with addiction and the resulting judicial order that she have no contact with her son; (4) the son's name and location; and (5) "various government communications discussing Ms. Fisher and her situation." *Id*. at 2. The government also points to the fact that Mr. Robertson is charged with attempting to murder a witness and that "[t]his Court has already acknowledged direct communication between Defendant and Ms. Fisher attempting to dissuade [her] from testifying." *Id*. at 3. It accordingly suggests the possibility that Mr. Robertson "plans to publicize Ms. Fisher's personal problems in order to 1) dissuade her from further

3

testifying, and/or 2) retaliate against her for her willingness to testify at trial." *Id*. Finally, the government states that it has "no strong interest in restricting public access to information about TFO Ramos' conduct in this case" and it suggests that the Court can file a public order on the promises made and benefits conferred by TFO Ramos "without describing those promises or benefits in such a way as to reveal the personal situation of Ms. Fisher." *Id*.

In reply, Mr. Robertson submits that the government has "failed to meet its burden to show that Ms. Fisher's right to privacy outweighs the public's right to access [the] records at issue." Doc. 423 at 1. He argues that the information of concern to the government "is already a matter of public record, does not actually appear in any of the judicial records subject to [his] Motion, is not so private or personal as to heavily outweigh the presumption that the public has a right to access these records, and is likely to be introduced as evidence at the public evidentiary hearing currently scheduled for May 3, 2021." *Id*. at 1–2. More specifically, Mr. Robertson argues that Ms. Fisher's custody status is already a matter of public record because it is publicly available on the website of the Iowa Department of Corrections; Ms. Fisher's struggles with drug addiction and treatment are not so sensitive to outweigh the public's right of access to the filings in this case and her drug-related convictions are matters of public record in both New Mexico and Iowa; the information about Ms. Fisher's no-contact order with her son is a matter of public record in Iowa and, in any event, the privacy of that information does not outweigh the public's access to the filings in this case, especially because "[t]he existence of the no-contact order was only introduced into the record because Agent Ramos inserted himself in the Iowa proceeding"; the name and location of Ms. Fisher's son "do not appear in the judicial documents" subject to the instant request; and the government has not articulated a reason to keep its "communications discussing Ms. Fisher and her situation" under seal. *Id*. at 3–5. Mr. Robertson concludes by arguing that

4

"[b]ecause the government has failed to articulate any sufficiently significant interest that justifies continuing to override the presumption of public access in the judicial records identified in [his] Motion to Unseal, the Court should enter an order unsealing those records in their entirety, or in the alternative, order that the party who filed the document file a narrowly redacted version of the public record." *Id*. at 5.

## DISCUSSION

The Tenth Circuit recently reviewed the law governing the sealing of judicial records in *United States v. Bacon*, 950 F.3d 1286 (10th Cir. 2020). It explained:

> "Courts have long recognized a common-law right of access to judicial records." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quotation marks omitted); *see United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) ("It is clearly established that court documents are covered by a common law right of access."); *see also United States v. Hickey*, 767 F.2d 705, 706, 708 (10th Cir. 1985) (applying the common law right of access to "the details of [a defendant's] plea bargain"). Although this common law "right is not absolute," *Colony Ins.*, 698 F.3d at 1241 (quotation marks omitted), there is a "strong presumption in favor of public access," *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This strong presumption of openness can "be overcome where countervailing interests heavily outweigh the public interests in access" to the judicial record. *Colony Ins.*, 698 F.3d at 1241 (internal quotation marks omitted); *see McVeigh*, 119 F.3d at 811. "Therefore, the district court, in exercising its discretion [to seal or unseal judicial records], must 'weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

*Bacon*, 950 F.3d at 1293. "Consistent with this presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy, even where … the district court already previously determined that those documents should be sealed." *Id*. (citation omitted). To carry that burden, the party opposing disclosure must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access." *Id*. For its part, the district court considering whether specific documents should be

5

sealed "must consider the relevant facts and circumstances of the particular cases and weigh the relative interests of the parties." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). And under Rule 49.1 of the Federal Rules of Criminal Procedure, a district court may "order that a filing be made under seal without redaction." Fed. R. Crim. P. 49.1(d). "The court may later unseal the filing or order the person who made the filing to file a redaction version for the public record." *Id*.

The Court acknowledges that it filed its initial order for briefing on the potential *Brady* issue in this case under seal, leading the parties to file their responses under seal and the Court to file its minutes from the March 26, 2021 status conference under seal as well. *See* Docs. 388, 395, 396, and 404. However, after considering the "strong presumption in favor of public access" to judicial records, *Boatright*, 477 F.3d 1149, and after considering the relevant facts and circumstances of this particular case and weighing the relative interests of the parties, *Hickey*, 767 F.2d at 708, the Court agrees with Mr. Robertson that the filings in question should be unsealed. As the Tenth Circuit recently reiterated, the public's interest in open access to judicial records is "presumptively paramount." *Bacon*, 950 F.3d at 1293 (quoting *Pickard*, 733 F.3d at 1302)). That presumption holds especially true here, where the issue being litigated is whether the government has violated its constitutional obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) to disclose exculpatory evidence to the defense. *See supra* at 2. The issue also involves whether the government has violated an order of this Court to do the same. *See id*. The public has a right to know whether, and to what extent, the government and its agents are complying with their constitutional obligations in criminal cases. And however the matter is ultimately resolved, the filings in question are of strong interest to the public because they discuss the law around *Brady* and apply it to the instant case in a way that instructs the reader about the contours of their

constitutional rights. The public interest in these filings is therefore paramount. *Bacon*, 950 F.3d at 1293.

The government nevertheless argues that there are a number of countervailing interests that outweigh the strong presumption that the filings should be made public. Doc. 422 at 2–3. The Court does not agree. It finds that the countervailing interests identified by the government do not "heavily outweigh the public interests in access" to the records, *Colony Ins.*, 698 F.3d at 1241, and that the government has failed to articulate a "sufficiently significant interest that will justify continuing to override the presumption of public access." *Bacon*, 950 F.3d at 1293.

With regard to Ms. Fisher's custody status, Mr. Robertson points out that information is already a matter of public record. Doc. 423 at 3. The Court also agrees with the defense that even if Ms. Fisher's custody status was private, her interests in the privacy of that information would not heavily outweigh the public's interest in the filings at issue. *Id*.

With regard to Ms. Fisher's interactions with drug treatment programs and her difficulties with addiction, the Court acknowledges that information is personal and sensitive. Doc. 422 at 2. Mr. Robertson notes, however, that Ms. Fisher has drug-related charges that are public information in both Iowa and New Mexico. *Id*. at 3. Perhaps more importantly, Ms. Fisher testified publicly at an October 5, 2020 evidentiary hearing in this case that she was high on "meth and heroin" the night of D.S.'s shooting. Doc. 212 at 157:7–10. Ms. Fisher's drug use is therefore already a matter of public record in this case and it will likely come up again at trial because it bears on the accuracy and credibility of her recollections.

With regard to the no-contact order between Ms. Fisher and her son, Mr. Robertson represents that it too is a matter of public record in Iowa. Doc. 423 at 4. Regardless, the no-contact order has now become an important issue in this case because of TFO Ramos's actions surrounding

7

the order's removal in the summer of 2020. *See supra* at 2. The no-contact order and its subsequent removal are therefore relevant evidence of potential witness bias that will likely come up at trial, and any interest Ms. Fisher has in the privacy of that information does not heavily outweigh the public's interest in it as it relates to this case.

With regard to the name and location of Ms. Fisher's minor son, that information is indeed highly confidential and should not be made public. Doc. 422 at 2. However, as with the defense, the Court could not find this information anywhere in the records Mr. Robertson is moving to unseal. Doc. 423 at 4–5. Out of an abundance of caution, the Court reached out to the government for clarification and the government clarified that this information is included in several records received in response to subpoenas issued after the March 26, 2021 status conference. Given that the name and location of Ms. Fisher's son is not contained in the judicial records at issue in the instant motion, this is not a reason for the records to remain sealed.

Finally, with regard to the "various government communications discussing Ms. Fisher and her situation," the government has not specifically explained the privacy interests implicated by this information other than those already discussed above. Doc. 422 at 2. The Court therefore finds that the privacy of this information does not heavily outweigh the public's interests in access to the relevant filings, especially because the "government communications" at issue are part and parcel to the potential *Brady* issue about which the public has a right to know. *See supra* at 5.

The government also points to the charges in this case and argues that the Court "has already acknowledged direct communication between the Defendant Ms. Fisher attempting to dissuade Ms. Fisher from testifying." Doc. 422 at 3. Given this information, the government suggests that Mr. Robertson might use the information about Ms. Fisher to dissuade her from testifying or retaliate against her for doing so. *Id*. The government is right to point out that the

charges Mr. Robertson is facing in this case are incredibly serious and involve him allegedly retaliating against a government witness. The government is also right to point out that the Court has previously acknowledged communications between Mr. Robertson and Ms. Fisher. And the government is right to suggest that any efforts on the part of Mr. Robertson to intimidate Ms. Fisher or any other witnesses in this case would be extremely serious. Contrary to the government's implication, however, in recognizing the evidence that Mr. Robertson has communicated with Ms. Fisher, the Court has never adopted the government's conclusion that he was "attempting to dissuade [her] from testifying." Doc. 422 at 3. More importantly, the Court does not see how unsealing the filings at issue in this motion would in and of itself enable Mr. Robertson to harass or intimidate Ms. Fisher. As the defense has pointed out, much of the information about Ms. Fisher contained in the filings is already public, and the filings, though sealed, should already be accessible to Mr. Robertson through his attorneys.

On the whole, the Court agrees with the defense that the "strong presumption in favor of public access" to judicial records, *Boatright*, 477 F.3d 1149, demands that the filings at issue here be unsealed, especially given the important public interests implicated by the potential *Brady* issue they address. Nor is the Court persuaded that there are countervailing interests that "heavily outweigh the public interests in access" to the records. *Colony Ins.*, 698 F.3d at 1241. The filings will therefore be unsealed pursuant to Rule 49.1(d) of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 49.1(d).

## CONCLUSION

For the reasons set forth above, Mr. Robertson's Motion to Unseal Judicial Records Related to the Government's Second *Brady* Violation [Doc. 418] is hereby **GRANTED**. The Court therefore **ORDERS** that Docs. 388, 395, 396, and 404 be unsealed and made part of the public record in this case.

DATED this 5th day of May, 2021.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE